UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 17-226(DSD/TNL)

Laurence Stewart,

      Plaintiff,

v.  **ORDER**

City of Minneapolis,

      Defendant.

    Brian T. Rochel, Esq., Douglas L. Micko, Esq. and Teske, Micko, Katz, Kitzer & Rochel, PLLP, 222 South Ninth Street, Suite 4050, Minneapolis, MN 55402, counsel for plaintiff.

    Ivan M. Ludmer, Esq., Gregory P. Sautter, Esq., Office of the City Attorney, 350 South Fifth Street, City Hall, Room 210, Minneapolis, MN 55415, counsel for defendant.

This matter is before the court upon the motion for judgment on the pleadings by defendant City of Minneapolis. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion for judgment on the pleadings, but orders plaintiff Laurence Stewart to join the International Union of Operating Engineers Local #49 (Union) as a defendant in this action.

**BACKGROUND**

This employment action arises out of the City's termination of Stewart's employment. The City hired Stewart in 2000 as a construction and maintenance laborer. Compl. ¶ 22. Soon

thereafter, he became an automotive mechanic. Id. ¶ 23. In October 2009, Stewart was injured on the job. Id. ¶ 24. He was cleared by his doctor to return to work the following year. Id.

The City has a three-phase return-to-work policy for employees returning from injuries (Policy), which is part of its collective bargaining agreement with the Union (CBA). Id. ¶ 6; Ludmer Decl. Ex. 1, Attachment C. Under the first phase of the Policy, once an employee is cleared by a doctor to return to work, the City has thirty days in which to place him into a temporary or "light duty" position that conforms to his physical restrictions. Compl. ¶ 8. After thirty days, the employee moves into the second phase during which he continues with "light duty" as appropriate. Id. ¶ 9. If the employee's injuries are ultimately deemed permanent or the employee reaches "maximum medical improvement" as defined by the workers' compensation system, the employee transitions to the third phase of the Policy, which is referred to as the "Job Bank Program." Id. ¶¶ 11, 12. The CBA established the general provisions of the Job Bank Program. Ludmer Decl. Ex. 1, Attachment C, at 2-5. Employees are permitted to participate in the Job Bank Program for 120 days during which time they can apply, with coaching and placement assistance, for open positions with the City. Id. at 2; Compl. ¶¶ 12, 14. If the employee has not found alternative employment with the City within the 120-day period, the City automatically terminates his employment. Compl. ¶ 16; Ludmer

2

Decl. Ex. 1, Attachment C, at 5.

Stewart returned to work under the first phase of the Policy on November 22, 2010. Compl. ¶ 25. Because his physical restrictions precluded him from working as a mechanic, he worked as an office support specialist. Id. ¶¶ 24-25. On May 6, 2013, the City determined that Stewart was permanently disabled and thus eligible to participate in the Job Bank Program. Id. ¶ 28. While in the Job Bank Program, Stewart applied and interviewed for several positions, but he did not receive a job offer during the 120-day period. Id. ¶ 30. On October 9, 2013, he was terminated consistent with the Policy. Id. ¶ 31.

On January 4, 2017, Stewart filed this putative class action under the Minnesota Human Rights Act (MHRA) and the Americans with Disabilities Act (ADA) in Hennepin County.[1] Stewart specifically alleges that the Policy violates the MHRA and ADA by precluding the City from engaging in an "interactive process to assess possible reasonable accommodations" or providing "any reasonable accommodations" and requiring it to automatically terminate employees after 120 days "without any inquiry or assessment of accommodating an employee's disability." Id. ¶ 45; see also id. ¶ 55. Stewart seeks damages as well as injunctive relief enjoining the City from "continuing its Return to Work Policy and/or

---

[1] Stewart alleges that he exhausted his administrative remedies before filing this suit. Compl. ¶ 32.

3

directing [the City] to amend its Policy to be in compliance with state and federal laws." Compl. at 10.  The City timely removed to this court and now moves for judgment on the pleadings for Stewart's failure to join the Union as a required party.

**DISCUSSION**

The City argues that the Union is a required party pursuant to Federal Rule of Civil Procedure 19(a)(1) and that this case should be dismissed if Stewart persists in his refusal to join the Union. The court agrees that the Union is a required party to this action, but disagrees that dismissal is an appropriate remedy at this time.[2]

Joinder of any person subject to service of process whose presence will not destroy a court's subject-matter jurisdiction is required if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double,

---

[2] The sole basis for the Rule 12(c) motion is that Stewart has failed to join the Union as a necessary party.

>           multiple, or otherwise inconsistent
>           obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).[3]

Stewart alleges the City has failed to do certain things to accommodate disabled employees as required by the MHRA and ADA. Despite arguing that he is challenging the City's implementation of the Policy rather than the Policy itself, the complaint establishes otherwise:

- Under the Policy, the City does not assess whether an employee could perform the essential functions of their pre-injury job with reasonable accommodation, as required by the MHRA and ADA. Compl. ¶ 13.

- The Policy does not provide for an interactive process allowing the City to conduct an assessment regarding potential reasonable accommodation(s) for disabled employees. Id. ¶ 17.

- The Policy provides that under no circumstances may an employee remain in the Job Bank for more than 120 days. Id. ¶ 19.

- The Policy does not provide for any individualized assessment regarding a specific employee's need to remain in the Job Bank for longer than 120 days. Id. ¶ 20.

- The Policy specifically prohibits this City from conducting individual assessments or engaging in any interactive process, stating that there shall be "no exception" to its provisions "without the approval of the Oversight Committee." Id. ¶ 21.

Thus, by challenging the Policy, Stewart is also challenging the

---

[3] Stewart does not argue that joining the Union would defeat the court's jurisdiction.

CBA, which established the Policy and which the City is obligated to follow. Allowing Stewart to proceed without the Union's involvement, first, would prevent the court from according Stewart his requested relief. In addition to damages, Stewart seeks an injunction enjoining the City from implementing the Policy in its current form. Ordering such relief, should Stewart prevail, would also directly affect the CBA and prejudice the Union's rights thereunder. The court will not effectively vitiate or rewrite a contract, in whole or part, without the involvement of all parties to that contract. For the same reason, the court also finds that proceeding without the Union would impede its ability to protect its rights under the CBA. See In re U.S. v. Hall, 825 F. Supp. 1422, 1428 (D. Minn. 1993) (holding that an absent party to the challenged contract is a required party because "the validity of the contracts would be directly affected by the judgment"), aff'd, U.S. ex rel Hall v. Creative Games Tech., Inc., 27 F.3d 572 (Table) (8th Cir. 1994); see also Nat'l Org. for Women (NOW), St. Paul Chapter v. Minn. Mining & Mfg., 73 F.R.D. 467, 469 (D. Minn. 1977) (joining unions to action under Rule 19(a) where portions of the collective bargaining agreements were alleged to be unlawful). Failing to join the Union would also subject the City to inconsistent obligations and possibly liability vis-à-vis the Union. For example, because the CBA contractually obligates the City to do certain things in a prescribed way, a court order to the

contrary could subject the City to suit by the Union.  As a result, the court concludes that the Union is a required party and orders that it be joined to this action pursuant to Rule 19(a)(2).

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that

1. The motion for judgment on the pleadings [ECF No. 21] is denied; and

2. Stewart shall join the International Union of Operating Engineers Local #49 as a party to this action within ten days of the date of this Order.

Dated: August 21, 2017

s/David S. Doty  
David S. Doty, Judge  
United States District Court